IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3193-D

SALAHUDEEN ABDALLAH,          )
                              )
         Plaintiff,           )
                              )
    v.                        )        **ORDER**
                              )
SHERIFF OF NEW HANOVER        )
COUNTY, et al.,               )
                              )
         Defendants.          )

Salahudeen Abdallah ("Abdallah" or "plaintiff") filed this action under 42 U.S.C. § 1983 [D.E. 1], along with an affidavit in support [D.E. 2]. Abdallah seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 3]. On July 13, 2011, the court observed that Abdallah was no longer in the custody of the Bureau of Prisons, and directed him to show cause not later than July 29, 2011, why the action should not be dismissed without prejudice for failure to prosecute [D.E. 6]. On August 3, 2011, the court dismissed the action without prejudice [D.E. 7]. On August 16, 2011, the court received returned as undeliverable the copy of the August 3, 2011 order and judgment sent to Abdallah [D.E. 9]. On August 22, 2011, Abdallah notified the court of his change of address [D.E. 10]. The court re-mailed the August 3, 2011 order and judgment to Abdallah, and on September 6, 2011, Abdallah filed a motion for reconsideration [D.E. 11], seeking to reopen his case.

The court grants the motion for reconsideration, and conducts a review of the complaint pursuant to 28 U.S.C. § 1915A. Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490

U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Abdallah asserts two claims in his complaint. First, Abdallah alleges that on March 13, 2009, he was in custody at the New Hanover County Jail and was let out of his cell for recreation at the same time as another inmate, Sherrod Johnson, who assaulted him. Pl.'s Aff. [D.E. 2] ¶¶ 3, 5.

> Inmate Johnson was supposed to have a separate Recreation period than me for several documented reasons: [A] It was common knowledge among jail staff that inmate Johnson was extremely violent and had even assaulted law enforcement officers prior to this incident, [B] Jail staff were informed and aware that numerous threats had been made against me by other prisoners, in the nature of a "contract" or "hit" to be carried out against me, [C] I was already handicapped with an obvious limp from a prior injury to my leg which enhanced my vulnerability to violent prisoners, [D] It is a controlled movement facility, with standard policies, procedures, or custom, that inmates from the upper deck cells are not allowed in Recreation area while inmates from the lower deck are in the Recreation area [I was on lower deck; Johnson on upper].

Id. ¶ 4. Abdallah suffered a broken tooth and a split lip which required stitches. Id. ¶ 5. Defendant

2

Rulapaugh, a New Hanover deputy sheriff, allowed Johnson out of his cell during Abdallah's recreation time. Id. ¶ 3. Abdallah asserts that "the Sheriff failed to properly supervise or train or discipline defendant Rulapaugh concerning these matters; defendants Rulapaugh and the Sheriff were deliberately indifferent to all of the aforesaid known risks to my safety, and they failed to take reasonable steps in their duties to protect me[.]" Id. ¶ 6.

Second, Abdallah alleges that on May 8, 2009, he "was at the Johnston County Jail in Smithfield, N. Carolina, and was to be transported back to New Hanover County Jail . . . ." Id. ¶ 7. Defendant O'Neal placed Abdallah and three other prisoners in a van which did not have seatbelts. Id. ¶ 8. O'Neal "made a stop at the Wake County Public Safety Center; while waiting for an officer to pick up more inmates, the Sheriff's van [Abdallah] was in was collided into by a Wake County Sheriff's van; the impact threw [Abdallah] forward and [his] head hit the dividing cage." Id. "O'Neal failed to immediately make or file an official accident report at the scene." Id. Abdallah "quickly told . . . O'Neal that [his] back and neck hurt because [his] head had crashed into the dividing cage" but O'Neal "contradicted [the passengers], and told [them they] were not injured or hurt and the bumper only got a dent." Id. ¶ 9. Abdullah was "not examined promptly by qualified medical personell [sic] relating to [his] claims of pain and injuries." Id.

During the trip from Wake County to New Hanover County, Abdallah "repeatedly told defendant O'Neal that [he] was injured and suffering in pain from the accident/collision and that [he] wanted an ambulance or [O'Neal] to take [him] to the hospital immediately but [O'Neal] was obdurate, deliberately indifferent, and completely un-sympathetic to [Abdallah's] injuries, pain, suffering, and [his] requests for prompt medical care and treatment as evidenced by [O'Neal] telling [him] to 'Shut up, and stop whinning' [sic][.]" Id. ¶ 10. Upon arriving at New Hanover County Jail, a nurse assessed Abdallah and "after several weeks" a doctor examined Abdallah and diagnosed him

3

with a "'pinched nerve[.]'" Id. ¶ 11. Abdallah asserts "the Sheriff failed to install or maintain [an] adequate number of seat belts in the van used to transport [him], and failed to properly supervise, train or discipline defendant O'Neal concerning these matters evidencing an utter deliberate indifference to [Abdallah] and other prisoners to be transported in said Sheriff's van as to [their] SAFETY being at risk by transportation without seat belts[.]" Id. ¶ 12. Abdallah names as defendants the Sheriff of New Hanover County and New Hanover deputy sheriffs Rulapaugh and O'Neal, and seeks $100,000 in compensatory damages and $100,000 in punitive damages from each defendant individually, and the same amount from each defendant in his or her official capacity. Compl. [D.E. 1] 2–5.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979).[1] As a practical matter, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Grayson v.

---

[1] Abdallah states that when the allegations in his complaint occurred, he "was a Federal prisoner being detained and restrained of [his] liberty by State or County law enforcement officers." Pl.'s Aff. ¶ 3. Thus, the court assumes without deciding that Abdallah was a pretrial detainee.

4

Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson, 195 F.3d at 695. The first prong requires the plaintiff to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis and quotation omitted). Under the second prong, the plaintiff must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." Id. (alteration in original) (emphasis and quotation omitted).

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence, [but it] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick Cnty., 528 F.3d 199, 206 (4th Cir. 2008).

As for Abdallah's claim concerning being transported without a seatbelt, allegations that a law enforcement officer failed to properly secure a pretrial detainee in a patrol car does not, alone, support a constitutional claim. See Dexter v. Ford Motor Co., 92 F. App'x 637, 641 (10th Cir. 2004)

5

(unpublished). Likewise, an automobile accident involving a car transporting a detainee does not give rise to a federal cause of action merely because it involved reckless or negligent driving. See, e.g., Hill v. Shobe, 93 F.3d 418, 420–22 (7th Cir. 1996); Apodaca v. Rio Arriba Cnty. Sheriff's Dep't, 905 F.2d 1445, 1447 (10th Cir. 1990); Carrasquillo v. City of N.Y., 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004). Thus, Abdallah has failed to state a claim upon which relief can be granted.

Abdallah also asserts a claim against defendant O'Neal for deliberate indifference to a serious medical need as a result of the injuries he sustained during the collision. "Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Nicodemus, 979 F.2d at 991 (quotation omitted); see, e.g., Bell, 441 U.S. at 535 n.16; Estelle, 429 U.S. at 104–05; Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). In order to prove such a claim, Abdallah "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A pretrial detainee, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06.

Abdallah acknowledges that a nurse assessed him upon his arrival at the New Hanover County Jail and that a doctor later examined him. Although Abdallah would have preferred that authorities call an ambulance and take him to the hospital immediately after the accident, he has not stated a constitutional violation concerning his medical care against any named defendant, and the claim is dismissed.

As for Abdallah's claim concerning Johnson's assault, "[jail] officials . . . must take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832–33 (quotation omitted). A jail official will not be liable for a failure to protect a pretrial detainee "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. It does not clearly appear from the face of the complaint that Abdallah is not entitled to relief; thus the claim is allowed to proceed. However, the claim may not proceed as to all defendants. To the extent Abdallah seeks to hold the New Hanover County Sheriff liable for his failure to train his employees, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Abdallah's conclusory allegation that the Sheriff did not properly train his employees is insufficient to state a claim against this defendant. Thus, Abdallah's claims against the Sheriff are dismissed as frivolous.

In sum, the court GRANTS plaintiff's motion for reconsideration [D.E. 11]. However, Abdallah has failed to state a claim against defendants O'Neal and the Sheriff of New Hanover County, and the court DISMISSES his claims against these defendants as frivolous. Abdallah may proceed with his section 1983 claim against defendant Rulapaugh. The Clerk of Court is DIRECTED to maintain management of this action.

SO ORDERED. This 12 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge

7

Case 5:10-ct-03193-D   Document 12   Filed 03/12/12   Page 7 of 7