IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3193-D

| | | |
|---|---|---|
| SALAHUDEEN ABDALLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHERIFF OF NEW HANOVER COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 27, 2010, Salahudeen Abdallah ("Abdallah" or "plaintiff") filed this action under 42 U.S.C. § 1983 [D.E. 1], along with an affidavit in support [D.E. 2]. On March 12, 2012, the court granted Abdallah's motion for reconsideration and allowed him to proceed with his section 1983 claim for failure to protect against defendant James Rulapaugh [D.E. 12]. On July 12, 2012, Abdallah filed a motion to amend his complaint [D.E. 28] ("Mot. Amend").[1] On July 31, 2012, Rulapaugh answered the complaint [D.E. 31]. On August 8, 2012, Magistrate Judge William A. Webb issued a scheduling order, directing that all motions of any kind must by filed by October 1, 2012 [D.E. 33]. On July 30 and August 13, 2012, Abdallah filed motions for appointment of counsel [D.E. 30, 34]. On August 16, 2012, Abdallah filed a motion to quash qualified immunity [D.E. 35]. On August 22, 2012, Abdallah filed a motion to extend the deadline for motions in the scheduling order [D.E. 36] ("Mot. Extend").

---

[1] In his motion to amend, Abdallah requests "a receipt that this was entered into [the] record[.]" Mot. Amend 1; see also [D.E. 30] 1. Abdallah may receive stamp-filed copies of any filing he makes by including with any filing an extra photocopy of the filing and a self-addressed envelope with sufficient postage affixed for returning the copy to him.

First, the court addresses Abdallah's motion to amend. A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). However, "belated claims which change the character of litigation are not favored." Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997) (quotations and alteration omitted). Additionally, the court need not grant a plaintiff leave to amend when "the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted). Because Abdallah sought leave to amend before service of the complaint on defendant Rulapaugh, Abdallah's motion to amend is granted in part.

Abdallah "would like the court[] to add to [the] record [that] on March 13, 2009 the night [he] was assaulted [he] was interviewed by Sgt. Moore & Lt. Johnson" and the inmate who assaulted him "received a[n] incident report & disciplinary action[.]" Mot. Amend 1. Abdallah further notes "the cell doors are manually operated by staff & that if officer Rulapaugh did not let inmate Johnson out he wouldn't have been able to assault me, officer Rulapaugh's actions placed my life in danger & caused me serious bodily harm & mental trauma." Id. Abdallah also asserts that he "did exhaust administrative remed[ies]" on his claim and "request[s] the court subpoena inmate Johnson's incident report & disciplinary report" along with another inmate "Donald Shealey's incident & disciplinary report in early March 2009 for his threat/contract against me[.]" Id.

To the extent Abdallah seeks to add details concerning Johnson's assault on him and Rulapaugh's role in the claim, the court grants the motion to amend. If defendant Rulapaugh determines that an amendment of his answer is warranted, he may amend his answer on or before October 22, 2012. To the extent Abdallah seeks discovery of an incident report concerning

2

Johnson's assault, the court directs counsel for defendant Rulapaugh to provide Abdallah with that information or to inform the court why she may not provide it to him. Fed. R. Civ. P. 26(b)(1); see Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). Counsel for Rulapaugh shall provide the requested discovery to Abdallah or file any other response to this order on or before October 22, 2012.

To the extent Abdallah seeks discovery of an incident report against another inmate (Shealey), the court denies the motion as not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Abdallah did not mention any threat against him by Shealey in his original complaint, he does not connect any such threat to inmate Johnson, and he does not explain how defendant Rulapaugh was aware of any such threat. To the extent Abdallah seeks to add assertions concerning his exhaustion of administrative remedies, the PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 675 (4th Cir. 2005). Rather, a defendant must plead and prove the failure to exhaust. See id. at 681. Thus, Abdallah may raise any argument concerning exhaustion of remedies if Rulapaugh seeks dismissal under the PLRA.

As for Abdallah's motions for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Abdallah's abilities do not present exceptional circumstances. Accordingly, the court denies Abdallah's motions for appointed counsel.

As for Abdallah's motion to quash qualified immunity, qualified immunity is an affirmative defense, which a defendant bears the burden to plead and prove. Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 305 (4th Cir. 2006); see Wilson v. Kittoe, 337 F.3d 392, 397 (4th Cir. 2003). Thus, Abdallah may respond to arguments concerning qualified immunity if Rulapaugh seeks relief on that basis.

Finally, as for Abdallah's motion to extend the scheduling order, Abdallah asserts that he is "being held in the special housing unit . . . since the last part of June 2012[,]" has "no access to law library services[,]" and is "unable to address" filings by defendant as a result. Mot. Extend 1–2. The motion is premature. Defendant has not filed anything requiring a response from Abdallah, and Abdallah's filings since June demonstrate that he is able to litigate his case. Thus, the court denies the motion without prejudice.

In sum, the court GRANTS IN PART plaintiff's motion to amend [D.E. 28], and DIRECTS counsel for defendant to provide plaintiff with a copy of the incident report concerning Johnson's assault on plaintiff or to file any other response to this order on or before October 22, 2012. The court DENIES plaintiff's other motions [D.E. 30, 34–36].

SO ORDERED. This 8 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge

4